﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191230-52785
DATE: November 30, 2020

ORDER

The issue regarding whether a reduction in the total schedular rating is proper for service-connected gastrointestinal stromal tumor status post removal with GERD, hiatal hernia, postgastrectomy syndrome, and irritable bowel syndrome (IBS) is dismissed.

FINDINGS OF FACT

1. The VA Regional Office (RO) has proposed a future date in April 2021 for the scheduling of a VA examination to determine the then current level of severity of the service-connected gastrointestinal stromal tumor status post removal with GERD, hiatal hernia, postgastrectomy syndrome, and IBS. 

2. Although the results of the VA examination to be scheduled in April 2021 may result in a proposed reduction of the total schedular rating for the service-connected gastrointestinal disorder, any such proposed rating reduction is not appealable to the Board of Veterans’ Appeals (Board), and there therefore remains no matter in controversy in the current appeal.

CONCLUSION OF LAW

As there is no disputed question of law or fact regarding the issue of the propriety of the rating reduction for the service-connected gastrointestinal disorder, the appeal of this claim is dismissed. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.200, 20.205.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from February 1999 to August 2019.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal of an October 2019 rating decision in which the RO granted service connection for gastrointestinal stromal tumor status post removal with GERD, hiatal hernia, postgastrectomy syndrome, and IBS and awarded a total schedular evaluation, effective from September 1, 2019. 

According to the relevant diagnostic code, a 100 percent schedular evaluation is assigned for malignant neoplasms of the digestive system, exclusive of skin growths. 38 C.F.R. § 4.114, Diagnostic Code 7343. The 100 percent rating will continue beyond the cessation of any surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure. Six months after discontinuance of such treatment, the appropriate disability rating shall be determined by mandatory VA examination. Any change in evaluation based upon that or any subsequent examination shall be subject to the provisions of § 3.105(e) of this chapter. If there has been no local recurrence or metastasis, rate on residuals. 38 C.F.R. § 4.114, Note following Diagnostic Code 7343. 

In a December 2019 Notice or Disagreement (NOD), the Veteran appeared to express disagreement with the possibility of a reduction of the 100 percent rating initially assigned to his service-connected gastrointestinal disorder. Specifically, he asserted that he would be taking cancer medication for three years. He requested direct review of this issue by the Board. 

However, the Veteran may not appeal a proposed reduction in the evaluation of a service-connected disability. The Board regrettably acknowledges that the AOJ certified the case to the Board and that the Board issued a letter to the Veteran in January 2020 indicating that his notice of disagreement had been received and that this appeal had been placed on the Board’s direct evidence docket. 

Significantly, however, as the propriety of a proposed rating reduction is not appealable to the Board, there remains no matter in controversy. Accordingly, the appeal as to this issue must be dismissed for lack of jurisdiction. 38 U.S.C. §§ 7104(a), 7105(d)(5). 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Edward G. Lent

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.